1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID ESTEP and DEANNA ESTEP,          No.  2:14-cv-02418-MCE-AC

12              Plaintiffs,

13       v.                                  **MEMORANDUM AND ORDER**

14   YUEN YUNG, an individual; HDYR,
     LLC, doing business as HDYR;
15   MEKADDISHKEM-EBE, a California
     corporation; and DOES 1 through 20,
16   inclusive,

17              Defendants.

18

19          Defendant HDYR operates a fast-casual, custom sushi restaurant in Austin,

20   Texas, called "How Do You Roll?".  In May of 2013, HDYR entered into an Area

21   Representative Service Agreement ("Agreement") with Plaintiffs' company,

22   Mekaddishkem-EBE.  The Agreement allows the Plaintiffs to solicit franchisees who

23   would establish at least thirty How Do You Roll? restaurants in Northern California,

24   specifically in and around Solano County.  Plaintiffs signed the Agreement on behalf of

25   their company and personally guaranteed that Mekaddishkem-EBE would pay and

26   perform under the Agreement.  The Agreement signed by the parties contains a forum

27   selection clause that states:

28   ///

AR [Plaintiffs' company Mekaddishkem-EBE] and HDYR [Defendant's company] have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship.  Therefore, if a claim is asserted in any legal proceeding involving AR and HDYR, the parties agree that the exclusive venue for disputes between them will be the state or federal district courts located in Austin, Texas, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

The Plaintiffs are suing the Defendants HDYR and its founder Yuen Yung on the theories of breach of contract and fraud.[1]  Currently before the Court is Defendants' Motion to Transfer, or, Alternatively, Dismiss, Plaintiffs' Complaint (ECF No. 10).  Defendants are requesting transfer to Western District of Texas as mandated by the forum selection clause.[2]  For the following reasons, Defendants' Motion to Transfer is GRANTED.[3]

**ANALYSIS**

Forum selection clauses are presumptively valid in the Ninth Circuit and are only unenforceable if: (1) the clause was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that Plaintiffs would essentially be denied their day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit was brought.  R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996).  There is no evidence that the Plaintiffs were coerced into signing the Agreement or that it would be "gravely difficult" for them to litigate in Texas.

---

[1] Plaintiffs also inexplicably sued their own company, Mekaddishkem-EBE.

[2] Conveniently, Plaintiffs left off the page of the Agreement containing this clause in the version of the Agreement they attached to their Complaint.

[3] Because oral argument would not be of material assistance, the Court resolves this matter on the briefing.  E.D. Cal. Local R. 230(g).

1   Plaintiffs argue that a California law preventing the enforcement of forum selection

2   clauses in franchise agreements evidences a strong public policy that would be

3   contravened if this matter is not adjudicated in California.  The Court is unpersuaded,

4   however, by that argument.  The California Franchise Relations Act "serves to protect

5   California franchisees, typically small business owners and entrepreneurs, from abuses

6   by franchisors . . ." Century 21, LLC v. All Professional Realty, Inc., 889 F. Supp. 2d

7   1198, 1216-17 (E.D. Cal. 2012).  The Agreement is not a franchise agreement; it is a

8   contract between a small company and a sophisticated area representative who would

9   oversee the solicitation of 30 franchisees.  The California Franchise Relations Act is not

10  on point and it is not enough to outweigh California's stated policy of favoring contractual

11  forum selection clauses. See Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1284 (9th

12  Cir. 2006) ("California favors contractual forum selection clauses so long as they are

13  entered into freely and voluntarily, and enforcement would not be unreasonable.").

14  The Court is also not persuaded by Plaintiffs' argument that Defendants' Motion is

15  time-barred under Rule 12 of the Federal Rules of Civil Procedure because it was not

16  brought within 21 days of the service of the complaint.  Plaintiffs completely ignore Rule

17  81, which allows for a party to file a response within seven days of the case being

18  removed from state court if no answer had been filed in state court.  Here, the

19  Defendants did not file an answer and the case was removed on October 15, 2014.  This

20  Motion was filed six days later, on October 21, 2014.  The Motion is timely.

21  Finally, the Court is not persuaded by Plaintiffs' argument that their company

22  Mekaddishkem-EBE was a party to the Agreement, but they were not.  This argument

23  fails for multiple reasons.  First, Plaintiffs, as individuals, signed a Personal Guaranty

24  that was attached to the Agreement.  Second, the forum selection clause is broad

25  enough to encompass this action since it is a matter involving both Medaddishkem-EBE

26  and HDYR (as both companies were sued by the Plaintiffs).  Third, Ninth Circuit case

27  law allows non-parties to be held to forum selection clauses if the conduct of the non-

28  parties is closely related to the contractual relationship.  See Manetti-Farrow, Inc. v.

1   Gucci America, Inc., 858F.2d 509, 514 n.5 (9th Cir. 1988); Holland Am. Line, Inc. v.

2   Wartsila N. Am., Inc., 485 F.3d 450, 456 (9th Cir. 2007).  Here, Plaintiffs' complaint is

3   based on the contractual relationship between HDYR and Medaddishkem-EBE, as

4   memorialized in the Agreement.  Plaintiffs cannot sue for breach of contract and then, in

5   an effort to avoid a contractual provision, argue that they are not parties to the contract.

6        Because transfer is appropriate in this case, the Court will not address

7   Defendants' alternative Personal Jurisdiction argument.

8

9                                **CONCLUSION**

10

11       For the reasons set forth above, Defendants' Motion to Transfer (ECF No. 4) is

12   GRANTED.  The Clerk of the Court is directed to transfer this case to the United States

13   District Court for the Western District of Texas in Austin, Texas.

14       IT IS SO ORDERED.

15   Dated:  January 13, 2015

16

17

18                                _____
                                 MORRISON C. ENGLAND, JR., CHIEF JUDGE
19                                UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28

                                        4